MARY'S OPINION HEADING 








NO. 12-09-00319-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

APRIL SYLVA,                                               
§                   APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                     
§                    JUDICIAL DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                        
           §                     SMITH  COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

PER CURIAM

April
Sylva[1] appeals her conviction
for possession with intent to deliver a controlled substance.   Appellant=s
counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

Appellant
was charged by indictment with the offense of possession with intent to deliver
a controlled substance, methamphetamine, in an amount of four grams or more,
but less than 200 grams, a first degree felony.[2] 
The indictment further alleged that Appellant committed the offense “within
1,000 feet of real property owned by and rented to and leased to a school and
school board, namely, Lindale Primary School.”  Appellant pleaded guilty to the
offense charged in the indictment. Appellant and her counsel signed a document
entitled “terms of plea and any agreed punishment recommendation,” an
acknowledgment of admonishments, a waiver of jury trial, an agreement to
stipulate testimony, and a stipulation of evidence judicially confessing to the
offense alleged in the indictment.  The trial court accepted Appellant=s
plea, found that the evidence substantiated Appellant’s guilt, deferred further
proceedings without entering an adjudication of guilt, and ordered that
Appellant be placed on deferred adjudication community supervision for ten
years.[3]  The trial
court also ordered that Appellant pay court costs, and restitution.

The
State filed an application to proceed to final adjudication, alleging that
Appellant had violated the terms of her community supervision.  Appellant and
her attorney signed a written plea admonishment and stipulation of evidence,
admitting as “true” all four paragraphs of the allegations in the State’s
application.  At the hearing on the application, Appellant again pleaded Atrue@
to the allegations contained in the State=s
application.  After a hearing, the trial court found it true that Appellant
violated her community supervision, revoked Appellant’s community supervision,
and adjudged Appellant guilty as charged as alleged in the indictment.  The
trial court assessed Appellant=s punishment at thirty
years of imprisonment, a $10,000.00 fine, and court costs.[4] 
This appeal followed.

 

Analysis pursuant to Anders v. California

Appellant=s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated.  From our review of Appellant=s
brief, it is apparent that her counsel is well acquainted with the facts in
this case.  In compliance with Anders, Gainous, and
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978),
counsel=s
brief presents a chronological summation of the procedural history of the case,
and further states that counsel is unable to raise any arguable issues for
appeal.[5]  We have reviewed the record for
reversible error and have found none. 

 

Conclusion

            As required, Appellant=s
counsel has moved for leave to withdraw. See In re Schulman, 252
S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We are in agreement
with Appellant=s counsel that the appeal is wholly
frivolous and his motion for leave to withdraw is hereby granted. 
See In re Schulman, 252 S.W.3d at 408-09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise her of her right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, she must either retain an attorney to
file a petition for discretionary review or she must file a pro se petition for
discretionary review. See In re Schulman, 252 S.W.3d at 408 n.22. 
Any petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3; In re
Schulman, 252 S.W.3d at 408 n.22.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

We
dismiss Appellant=s appeal.

Opinion
delivered December 30, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)

 









                [1] 
In the record, Appellant sometimes spells her surname as “Silva,” and  she
acknowledges that she is also known as “April Hoskin.”

 





[2] See Tex. Health & Safety Code Ann. §
481.112 (a), (d) (Vernon 2010).

 





[3] See Tex.
Code Crim. Proc. Ann.
art. 42.12, § 5(a) (Vernon Supp. 2010). 





[4] An individual adjudged guilty of a first degree
felony shall be punished by imprisonment for life or for any term of not more
than ninety-nine years or less than five years and, in addition, a fine not to
exceed $10,000.  Tex. Penal Code Ann. § 12.32
(Vernon Supp. 2010).





[5] Counsel for Appellant certified that he provided
Appellant with a copy of her brief and informed Appellant that she had the
right to file her own brief.  Appellant was given time to file her own brief,
but the time for filing such a brief has expired and we have received no pro se
brief.